DANIEL C. POTTER, Appellant, *v.* THE MORNING JOURNAL ASSOCIA-
TION and Others, Respondents.

*Pleading — denial that the defendants published a libel, coupled with a statement that the plaintiff released the publishers — a commission will not issue to establish the release.*

The complaint in an action of libel alleged that the defendants published and circulated the newspaper in which the alleged libelous article was published. The answers contained a general denial, and alleged as a separate defense that the plaintiff and the owners and publishers of the newspaper entered into an agreement, whereby the plaintiff released and discharged the said owners and publishers from all causes of action, upon condition that the newspaper would publish a retraction of the libel, and that such retraction was accordingly published.

*Held,* that, as the defendants denied that they published the newspaper, any agreement between the plaintiff and the persons who actually published the newspaper was not available to the defendants; ·

That the defense being bad upon its face, a commission would not be issued to take testimony material to such defense.

VAN BRUNT, P. J., and PATTERSON, J., dissented.

APPEAL by the plaintiff, Daniel C. Potter, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of February, 1900, granting the defendants' motion that a commission issue to take the testimony of Charles H. Jackson, a witness in their behalf, residing in London, England.

*Benjamin Scharps,* for the appellant.

*M. S. Guiterman,* for the respondents.

INGRAHAM, J.:

The action is for libel, the complaint alleging that the defendants published and circulated, and caused to be published and circulated, a copy or copies of a newspaper, entitled and called the *Evening New York Journal,* or the *New York Evening Journal,* and that the said newspaper published of and concerning the plaintiff the libel therein set forth. The defendants served separate unverified answers, denying all of the allegations of the complaint, thus deny-

ing the publication of the newspaper by the defendants; and alleging as a separate defense that the plaintiff and the owners and publishers of the New York *Evening Journal* entered into an agreement whereby the plaintiff released and discharged the said owners and publishers of and from all claim and demand, cause and causes of action whatever, upon condition that there would be published in the New York *Evening Journal* a retraction of the libel; and the defendants allege that, in accordance with said agreement and in compliance with the condition, there was published on the 8th day of June, 1897, in the New York *Evening Journal,* such retraction. This defense is bad upon its face. Assuming the answer to be true, the defendants did not publish the New York *Evening Journal,* and any agreement made between the publishers of that newspaper and the plaintiff was entirely immaterial in any action against the defendants. Whether or not this plaintiff released his cause of action against other persons who had published a libel against him is entirely immaterial in an action brought to enforce a liability for a libel published by the defendants. If it were proved, therefore, that the plaintiff did make an agreement with the publishers of the New York *Evening Journal,* whereby his cause of action against such publishers was released, this would not be a defense to this action unless there was an allegation that the defendants were such publishers.

Before the court can grant an order allowing a commission it must appear by affidavit that the testimony of one or more witnesses, not within the State, is material to the applicant (Code Civ. Proc. § 887); and by subdivision 5 of section 888 of the Code it is provided that a commission may issue where an issue of fact has been joined in an action pending in a court of record, and the testimony is material to the applicant in the prosecution or defense thereof. In the affidavit made by one Carvalho, president of the Star Company, one of the defendants, upon which this application is made, great care is taken to avoid alleging that this agreement was made with the defendants, or to relieve them from liability by reason of the publication of the libel. That affidavit simply alleges that Jackson would swear that the plaintiff agreed to release the New York *Journal* from any and all liability. There is certainly nothing in this allegation that would indicate that the testimony of

this witness could by any possibility be material to the defense of this action.

This is not a case of inconsistent defenses. The position of the defendants might be correct if the answer had alleged that the agreement upon which this fourth defense was based was made between the plaintiff and the defendants; but where it is simply alleged to be made with the proprietors and publishers of a newspaper, the answer denying that these defendants were either the publishers or proprietors of such newspaper, it seems clear that no defense is alleged, and that the testimony of a witness to prove that fact would not be material to the defense of the action.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

RUMSEY and O'BRIEN, JJ., concurred; VAN BRUNT, P. J., and PATTERSON, J., dissented.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.